**IN THE COURT OF APPEALS OF IOWA**

No. 16-1782
Filed December 21, 2016

**IN THE INTEREST OF I.M.,**
**Minor child,**

**K.B., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

　　　Mother appeals from the termination of her parental rights pursuant to Iowa Code chapter 232 (2015). **AFFIRMED.**

　　　Nina M. Forcier of Forcier Law Office, P.L.L.C., Waterloo, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　　Melissa A. Anderson-Seeber of Juvenile Public Defender's Office, Waterloo, guardian ad litem for minor child.

　　　Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Kristi, the mother, appeals from an order terminating her parental rights in her child I.M. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2015). The mother argues the State failed to prove by clear and convincing evidence the statutory grounds authorizing the termination of her parental rights; the State failed to prove termination of her parental rights is in the best interest of the child; and the strength of the parent-child bond should preclude termination of her parental rights under the circumstances. The standard of review and controlling framework are well-established and need not be repeated herein. *See, e.g.*, *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014) (same); *In re M.S.*, No. 16-0975, 2016 WL 6269904, at *2 (Iowa Ct. App. Oct. 26, 2016) (discussing burden of production and persuasion).

The child at issue came to the attention of the Iowa Department of Human Services after the child's younger sister presented in the emergency room with significant injuries, including a skull fracture, subdural hematoma, and dislocated teeth. The child died from the injuries. Medical staff concluded the injuries were consistent with trauma and not consistent with accidental injury, as the mother claimed. I.M. was removed from the mother's care, and the juvenile court entered a no-contact order prohibiting the mother from having contact with the child. The mother and her fiancé were suspects in the death of the child's sibling and were under criminal investigation during the pendency of this case. At the time of the termination hearing, it appears the criminal investigation was

proceeding. The mother was offered numerous services, but she refused them throughout most of this case. After her fiancé was incarcerated for an offense unrelated to the death of the child, the mother began to avail herself of services. She made little to no progress. The record reflects she was unable to provide the basic necessities for the child, including safe care. There is little reason to belabor the facts and circumstances of the case any further; we can add little to the termination order issued by the district court.

On de novo review, we conclude the State established by clear and convincing evidence termination of Kristi's rights was authorized pursuant to section 232.116(1)(f). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). We conclude termination of the mother's parental rights was in the best interest of the child and no permissive exception should serve to preclude the termination of her parental rights. The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), and (e).

**AFFIRMED.**